IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ELIJAH C. MISENER,

          Plaintiff,

  v.                                                ORDER

CITY OF MADISON,                            25-cv-329-wmc
GARY PIHLAJA,
and SARA A. BAILEY,

          Defendants.

---

Plaintiff Elijah C. Misener filed this civil lawsuit while he was incarcerated at the Dane County Jail alleging that defendants violated his federal constitutional rights. Dkt. 12. Misener's amended complaint has not yet been screened.[1] This order addresses his motion for assistance in recruiting counsel, Dkt. 7, that I will deny as premature for the following reasons.

ANALYSIS

Misener asks the court for counsel, citing his lack of financial resources and legal expertise, the limitations of being an incarcerated plaintiff, including limited access to the law library, and a lawyer's superior ability to present this case. He states that he has made "repeated efforts to obtain a lawyer," but has provided no evidence of those efforts. Dkt. 7 at 1.

---

[1] As noted below, Misener is no longer in jail, but the screening requirements of the PLRA still apply because he was incarcerated when he filed this lawsuit. *See, e.g.*, *Martinez v. McDermott*, No. 23-cv-1209-bhl, 2023 WL 7628073, at *1 (E.D. Wis. Nov. 14, 2023) (PLRA applies because plaintiff was incarcerated when he filed his complaint). Regardless, this court retains the inherent authority "to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999).

Litigants in civil cases do not have a constitutional right to counsel, and the court does not have the authority to appoint counsel to self-represented plaintiffs in civil matters. Rather, the court can only help recruit counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007) (en banc).

To succeed on a motion to assist with the recruitment of counsel, Misener must meet three requirements. *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010). First, he must show that he is unable to afford counsel. Misener has met this requirement because he is proceeding in forma pauperis. Dkt. 9.

Second, Misener must show that he has made reasonable efforts to locate an attorney on his own. *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072–73 (7th Cir. 1992) ("the district judge must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts"). Misener has not provided evidence of his efforts to obtain a lawyer on his own, such as letters from law firms he has contacted. I may dismiss his motion on this ground alone.

Third, Misener must demonstrate that his case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds the plaintiff's ability to prosecute it. *Mote*, 503 F.3d at 654–55. The court receives hundreds of new lawsuits every year from unrepresented plaintiffs, but there are only about 15 to 20 attorneys who might volunteer to take one such case a year. This means that the court must decide for each case "whether this particular prisoner-plaintiff, among many deserving and not-so-deserving others, should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests." *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring).

In this respect, Misener's motion must be denied as premature because it is far too early to tell whether this case is one of the relatively few in which it is necessary to recruit counsel. Federal civil litigation is generally challenging for most self-represented parties, and their limited knowledge of the law is a common predicament. So are the limitations on incarcerated individuals. But Misener has been released from jail, so those limitations no longer apply, and his amended complaint has yet to be screened, so it is not clear whether his lawsuit will proceed or in what form. Discovery also remains closed until the court holds a preliminary pretrial conference with a magistrate judge to be scheduled once all defendants have appeared and answered. Although Misener is generally concerned about more trial-type legal tasks such as witness examination and navigating credibility issues, he won't be required to perform those tasks unless the case proceeds to trial.

In sum, there are no legal tasks for Misener to complete right now. If Misener is allowed to proceed, the court will set a preliminary pretrial conference to set the case schedule and open discovery after providing Misener guidance on how to litigate his lawsuit as an unpresented party, including how to use the discovery process to obtain evidence in support of his claims. This will be his opportunity to ask questions about the litigation process and address any initial concerns with the court.

I will deny Misener's motion without prejudice, which means that he can renew his motion after the preliminary pretrial conference if his circumstances change and he believes that he is unable to litigate the lawsuit himself. If he refiles his motion, he will need to provide proof of his efforts to obtain an attorney and explain what specific litigation tasks he is unable to accomplish and why.

ORDER

IT IS ORDERED that plaintiff Elijah C. Misener's motion for appointment of counsel, Dkt. 7, is DENIED without prejudice.

Entered October 29, 2025.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge